**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMERICA'S CAR GROUP, INC. D/B/A )<br>WEBUYANYCAR.COM AND )<br>WEBUYANYCAR.COM, INC., )<br> )<br> Plaintiffs, )<br> )<br> v. )<br> )<br>NOVUM AUTO SERVICES, LLC )<br>D/B/A CAR BUYER USA, )<br> )<br> Defendant. ) | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

America's Car Group, Inc. d/b/a webuyanycar.com and webuyanycar.com, Inc. (collectively, "WBAC"), bring this action for trademark infringement, unfair competition, and deceptive business practices against Novum Auto Services, LLC ("Novum"), and allege as follows:

**NATURE OF THE ACTION**

1.      In this action, WBAC asserts both Federal and State causes of action based on Novum's infringement of America's Car Group, Inc.'s service marks WEBUYANYCAR.COM® and WE BUY ANY CAR® (the "WBAC Marks" or "WBAC's Marks") as follows:  (1) willful infringement of  registered service marks in violation of the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition and false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)-(B); and (3) common law service mark infringement and unfair competition.

2.      This case is about Novum's efforts to promote and offer its competing consumer-direct car buyer services by unfairly trading off of the valuable goodwill that WBAC has built up

in its well-known WBAC Marks used in connection with (a) purchasing and reselling used automobiles from and to the public, (b) vehicle brokerage services, (c) its searchable online website reselling automobiles, and (d) its online product quality evaluation of cars ("WBAC's Services"). Novum, without WBAC's permission, is using "We Buy Any Car" in connection with its competing consumer-direct used car buying services. Novum's unauthorized and infringing use of the registered WBAC Marks in connection with its competing services, and in various advertising and marketing materials meant to promote such services, namely on the website <carbuyerusa.com> ("Novum's Website") is likely to cause confusion, harm the public, and damage WBAC's valuable rights. This case is also about Novum's false and misleading representations of fact on Novum's Website alleging that it is "America's Best Rated Car Buying Company" based on its customer ratings on Google and BBB without referencing or highlighting WBAC's objectively higher customer ratings on Google and BBB. As a result of Novum's unfounded assertion, Novum is falsely misrepresenting the quality of its services and WBAC's Services and WBAC believes that it is and is likely being damaged by these false and misleading representations.

## PARTIES

3.      America's Car Group, Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 940 West Sproul Road, Suite 201, Springfield, Pennsylvania 19064.

4.      webuyanycar.com, Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 940 West Sproul Road, Suite 201, Springfield, Pennsylvania 19064. webuyanycar.com, Inc. is the exclusive licensee of the WBAC Marks.

5.      On information and belief, Novum is a Delaware limited liability company with its principal place of business at 301 Hickory Ridge Trail, Suite 140, Woodstock, Georgia 30188.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over Counts One and Two under 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331 because they arise under the laws of the United States, namely the Lanham Act, 15 U.S.C. § 1051 *et seq.*, which is an Act of Congress relating to trademarks and unfair competition.  This Court has supplemental jurisdiction over Count Three under 28 U.S.C. § 1367(a) because it is so related to the claims within the Court's original jurisdiction that it forms a part of the same case or controversy under Article III of the United States Constitution.

7.      This Court has personal jurisdiction over Novum because, on information and belief, Novum has directed ongoing and substantial commercial activities toward the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania at all times pertinent hereto. On information and belief, Novum markets and advertises its services, transacts business, contracts to purchase pre-owned automobiles directly from consumers, and/or causes harm and tortious injury in the Commonwealth of Pennsylvania. Novum advertises and markets its services throughout the United States—including in this District—through various media, including Novum's Website. Novum has purposefully availed itself of the laws of the Commonwealth of Pennsylvania and engaged in continuous and systematic conduct in the Commonwealth of Pennsylvania and this judicial district.

8.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

## WBAC AND WBAC'S MARKS

9.      WBAC is one of the world's leading used car buyers and focuses on providing consumers a fast, safe, and fair way to sell used vehicles.

10.     Conventional used car selling methods can take several days, weeks, or even months. During such time, consumers selling a used car often experience monetary loss, as the seller may pay for costly advertisements to promote the car; the car's price may decrease in value; and the seller must continue paying maintenance, tax, and insurance costs.

11.     When the seller does not work directly with a dealership, they may also be required to permit a stranger to visit their home and/or take a test drive of the car, resulting in serious safety concerns.

12.     In response to these issues, WBAC developed a used car buying platform through which a consumer seeking to sell their used car completes an online valuation, then schedules an appointment at one of WBAC's car buying centers where there is a vehicle inspection and test drive. WBAC offers consumers an opportunity to sell their used car in approximately one hour.

13.     WBAC adopted its service mark WEBUYANYCAR.COM® for use in connection with its innovative car-buying services when it launched its business in the United Kingdom in 2006.  WBAC began using the mark WEBUYANYCAR.COM® in commerce in the United States with the launch of WBAC's Services in 2011.

14.     Since 2011, WBAC has used its WEBUYANYCAR.COM® service mark (the "WEBUYANYCAR.COM® Mark") in interstate commerce in connection with and to identify WBAC's Services. WBAC's WEBUYANYCAR.COM® Mark is well-known and has been used nationally in connection with WBAC's Services.

15.     The WEBUYANYCAR.COM® Mark is registered with the U.S. Patent and Trademark Office (the "USPTO") under Registration No. 6,011,053 (the WEBUYANYCAR.COM® Standard Character Registration"). The WEBUYANYCAR.COM® Standard Character Registration has a priority date of January 30, 2019. A true and correct copy

of the registration certificate for the WEBUYANYCAR.COM® Standard Character Registration is attached as Exhibit A.

16.    The WEBUYANYCAR.COM Mark is also registered with the USPTO under Registration No. 4,220,112 (the WEBUYANYCAR.COM® Design Registration").[1] The WEBUYANYCAR.COM® Design Registration has a priority date of May 13, 2010. The WEBUYANYCAR.COM® Design Registration is incontestable. A true and correct copy of the registration certificate for the WEBUYANYCAR.COM® Design Registration is attached as Exhibit B.

17.    Since 2013, WBAC has used its WE BUY ANY CAR® service mark (the "WE BUY ANY CAR® Mark") in interstate commerce in connection with WBAC's Services. WBAC's WE BUY ANY CAR® Mark is well-known and has been used nationally in connection with WBAC's Services.

18.    The WE BUY ANY CAR® Mark is registered with the U.S. Patent and Trademark Office (the "USPTO") under Registration No. 6,011,054 (the "WE BUY ANY CAR® Registration"). The WE BUY ANY CAR® Registration has a priority date of January 30, 2019. A true and correct copy of the registration certificate for the WE BUY ANY CAR® Registration is attached as Exhibit C.

---

[1] Class 12 of the WEBUYANYCAR.COM® Design Registration has been cancelled. Classes 35 and 36 of the WEBUYANYCAR.COM® Design Registration are limited to the services not appearing in brackets:

Class 35: [ Providing an on-line showroom for the goods of others in the field of motor vehicles and motor vehicle parts; ] enabling customers to conveniently [ view, ]sell [ and purchase ] motor vehicles [ and motor vehicle parts ], namely, online retail and wholesale store featuring motor vehicles [ and motor vehicle parts ]; [ mail order catalog services featuring motor vehicles; ] consultation and advice for the purchase, sale and quality of motor vehicles [ and motor vehicle parts ]; providing information regarding the sale, purchase and quality of motor vehicles

Class 36: Vehicle brokerage, namely, providing a website for online brokerage of new and used motor vehicles [ and motor vehicle parts ]; vehicle brokerage, namely, providing an online website enabling the exchange of vehicles of others for cash

19. The WEBUYANYCAR.COM® Standard Character Registration, WEBUYANYCAR.COM® Design Registration, and WE BUY ANY CAR® Registration are prima facie evidence of the validity and registration of WBAC's Marks, WBAC's ownership of WBAC's Marks, and of WBAC's exclusive right to use the registered WBAC Marks in commerce on or in connection with the goods or services specified in the respective certificates, subject to any conditions and limitations stated in the respective certificates. *See* Lanham Act § 7, 15 U.S.C. § 1057(b).

20. WBAC's Marks are strong and distinctive marks that the public recognizes and uniquely associates with WBAC, and WBAC's Marks distinguish WBAC's Services from those of others.

21. Since 2011, WBAC has purchased in excess of 425,000 used cars across the United States. Indeed, WBAC buys hundreds of used cars directly from consumers each week.

22. WBAC enjoys an A+ Better Business Bureau ("BBB") Accreditation and Rating, with an average customer review rating of 4.89 on BBB (averaged from over 1,300 customer reviews), as well as an aggregated 4.87-star rating on Google.

23. WBAC markets its consumer-direct car buying services nationwide through a variety of media, including online advertising on its website <https://www.webuyanycarusa.com/> and in television advertisements.

24. WBAC has devoted substantial time, effort, and resources to the development and extensive promotion of WBAC's Marks and the services offered thereunder. As a result of WBAC's efforts, the public has come to recognize and rely upon the WBAC Marks as an indication of the superior quality associated with WBAC's consumer-direct pre-owned vehicle

purchasing services, and WBAC has acquired and enjoys valuable goodwill and reputation in WBAC's Marks.

### NOVUM AND NOVUM'S INFRINGEMENT OF WBAC'S MARKS

25.     Novum markets, advertises, and contracts to purchase pre-owned automobiles directly from consumers.

26.     Customers seeking to sell their pre-owned vehicle for cash may contact Novum, and Novum will visit a customer's preferred location, including their home or business. Additionally, Novum partners with vehicle remarketing agencies to which a consumer could take its pre-owned vehicle for inspection and will pay cash for the used car.

27.     On information and belief, on or about May 2021, Novum began using the phrase "We Buy Any Car" (the "Infringing Mark") throughout Novum's Website <www.carbuyerusa.com> in connection with its services.

28.     Upon identifying Novum's adoption of the Infringing Mark in 2021, WBAC promptly sent a Cease and Desist Letter on May 5, 2021 to Mr. William Coleman, the Chief Executive Officer and Co-Founder of Novum, notifying Novum of WBAC's rights in the WBAC Marks and the likelihood of consumer confusion resulting from Novum's unauthorized use of the WBAC Marks and demanding that Novum immediately cease all use of the WBAC Marks (the "May 2021 Cease and Desist Letter"). A true and correct copy of the May 2021 Cease and Desist Letter is attached as Exhibit D.

29.     When WBAC received no response to its May 2021 Cease and Desist Letter, WBAC forwarded a follow-up Cease and Desist Letter on June 22, 2021 to Mr. Coleman, reiterating its demands that Novum cease all use of the WBAC Marks (the "June 2021 Follow-

Up Cease and Desist Letter"). The June 2021 Follow-Up Cease and Desist Letter is attached as Exhibit E.

30.    On information and belief, Novum complied with WBAC's demands and ceased all use of the WBAC Marks after receiving the June 2021 Follow-Up Cease and Desist Letter.

31.    On or about July 31, 2025, it came to WBAC's attention that Novum had re-adopted its use of the Infringing Mark on Novum's Website in connection with its promotion and sale of consumer-direct purchasing of pre-owned vehicles and had also released articles on Novum's Website with false and misleading information regarding the quality of Novum's and WBAC's respective services that is likely to damage WBAC.

32.    Novum has therefore adopted a mark that is identical or highly similar in appearance to WBAC's registered marks WEBUYANYCAR.COM® and WE BUY ANY CAR® in connection with competing services, namely consumer-direct purchases of pre-owned vehicles.

33.    On information and belief, Novum adopted the mark "We Buy Any Car" for its competing services in order to call to mind WBAC's Services.

34.    WBAC enjoys exclusive rights in the WBAC Marks, and Novum's use of the mark "We Buy Any Car" is confusingly similar to WBAC's widely-recognized and distinctive Marks.  It is clear that Novums's use of the confusingly similar mark "We Buy Any Car" is an attempt to trade off the success and goodwill of WBAC's Marks and WBAC's Services.

35.    On information and belief, Novum offers and promotes its services for sale to the same customers to whom WBAC offers and promotes WBAC's Services and within the same channels of trade as WBAC offers its services.

36.     In addition, on information and belief, Novum markets its services in a similar manner to that in which WBAC markets WBAC's Services, namely through on-line advertising.

37.     In addition, on information and belief, Google AI is capturing Novum's use of the Infringing Mark, highlighting the infringing uses of WBAC's Marks by Novum to redirect consumers to Novum's website. Attached as Exhibit F is a true and correct copy of screen shots of the Google.com search results.

38.     Novum's use of the Infringing Mark is likely to cause consumer confusion as to the source, authorization, sponsorship, connection, endorsement, or affiliation of Novum's services.

39.     Consumers are likely to believe that Novum is authorized, approved, sponsored, or endorsed by or otherwise affiliated with WBAC, which is false.

40.     WBAC has no relationship with Novum, and WBAC has not consented to, sponsored, endorsed, or approved of Novum's use of the WBAC Marks or any variations thereof in connection with consumer-direct purchases of pre-owned vehicles.

41.     Novum's Website also presents false and misleading representations of fact pertaining to its services and WBAC's Services.

42.     Novum's Website alleges that it is "America's Best Rated Car Buying Company":



43.     Specifically, Novum has published two articles entitled "Why Do Sellers Need to Steer Clear From WeBuyAnyCar.com" and "Who Pays More Than WeBuyAnyCar? Car Buyer USA Does" (the "Disparaging Articles"), *see* <u>Exhibit G</u>, in which Novum includes the above-identified chart and falsely misrepresents that it is "America's Best Rated Car Company."

44.     Novum has defined "America's Best Rated Car Company" by the ratings it and other consumer-direct purchasers of pre-owned vehicles have received on Google and BBB. In other words, according to Novum, to be "America's Best Rated Car Company," the entity providing consumer-direct car buying services must have the highest rating on Google and BBB.

45.     Novum has a 4.3-star rating on Google and a 4.6-star rating on BBB.

46.     WBAC enjoys an aggregated 4.87-star rating on Google and a 4.6-star BBB rating.

47.     Under Novum's own definition of "America's Best Rated Car Company," Novum objectively cannot be "America's Best Rated Car Company."

48.     Notably, Novum's comparison of its customer ratings to other consumer-direct car buying companies in the Disparaging Articles and on Novum's Website omits any reference to WBAC despite the Disparaging Articles focusing on WBAC (e.g., "Why Do Sellers Need to Steer Clear From WeBuyAnyCar.com" and "Who Pays More Than WeBuyAnyCar? Car Buyer USA Does").

49.     Novum's description of itself as "America's Best Rated Car Company" and omission of any reference to WBAC's objectively higher reviews on Google and BBB in its commercial advertising falsely misrepresents the quality of both Novum's and WBAC's services.

50.     WBAC has no relationship with Novum, and WBAC has not consented to endorsed, or approved of Novum's false and misleading representations of fact.

51.     Prior to filing the instant Complaint, on August 11, 2025, WBAC sent a cease and desist letter to Mr. Coleman and Mr. Michael Lasini, Novum's founder, again notifying Novum of WBAC's rights in the WBAC Marks and the likelihood of consumer confusion resulting from Novum's unauthorized use of the WBAC Marks and demanding that Novum immediately cease all use of the WBAC Marks (the "August 11, 2025 Cease and Desist Letter"). The August 11, 2025 Cease and Desist Letter also asserts that Novum's claim that it is "America's Best Rated Car Buying Company" falsely misleads consumers and disparages WBAC's Services. The August 11, 2025 Cease and Desist Letter is attached as Exhibit H.

52.     FedEx Tracking information confirms the August 11, 2025 Cease and Desist Letter was delivered to Mr. Coleman and Mr. Lasini, respectively, on August 12, 2025. A true and correct copy of the delivery information available on www.fedex.com for the August 11, 2025 Cease and Desist Letter is attached as Exhibit I.

53.     Further confirming that the August 11, 2025 Cease and Desist Letter was received by Novum, counsel for WBAC received a read receipt from Mr. Coleman for the email transmission of the August 11, 2025 Cease and Desist Letter, which is attached as Exhibit J.

54.     Additionally, counsel for WBAC received a response to its email from Mr. Lasini, stating "Wait until they see the blogs we did about them …." Such response from Mr. Lasini is attached as Exhibit K and further confirms that the August 11, 2025 Cease and Desist Letter was received by Novum, as well as Novum's deliberate and willful intent to infringe upon WBAC's Marks and falsely misrepresent the quality of Novum's and WBAC's respective services.

55.     When counsel for WBAC received no response to the August 11, 2025 Cease and Desist Letter, WBAC forwarded a follow-up Cease and Desist Letter on August 27, 2025 to Mr. Coleman and Mr. Lasini, reiterating its demands that Novum cease all use of the WBAC Marks and remove the Disparaging Articles (the "August 27, 2025 Follow-Up Cease and Desist Letter"). The August 27, 2025 Follow-Up Cease and Desist Letter is attached as Exhibit L.

56.     FedEx Tracking information confirms that the August 27, 2025 Follow-Up Cease and Desist Letter was delivered to Mr. Coleman and Mr. Lasini, respectively, on August 28, 2025. A true and correct copy of the delivery information available on www.fedex.com for the August 27, 2025 Follow-Up Cease and Desist Letter is attached as Exhibit M.

57.     Further confirming that the August 28, 2025 Cease and Desist Letter was received by Novum, counsel for WBAC received a read receipt from Mr. Coleman for the email transmission of the August 27, 2025 Follow-Up Cease and Desist Letter, which is attached as Exhibit N.

58.     Novum has yet to substantively respond to the August 11, 2025 Cease and Desist Letter or August 27, 2025 Follow-Up Cease and Desist Letter.

59.     Despite receiving multiple WBAC Cease and Desist Letters, Novum has continued and is continuing to use the Infringing Mark. See Exhibit G.

60.     Novum has constructive notice of WBAC's rights in the WBAC Marks because of WBAC's federal trademark registrations for the WBAC Marks.

61.     Novum has actual notice of WBAC's rights in the WBAC Marks because WBAC informed Novum of its rights in multiple written communications, through counsel, prior to the filing of the instant Complaint. See Exhibits D–E, H–N. Despite such receipt and notice of its

infringing actions, Novum has yet to respond substantively to WBAC's August 11, 2025 or

August 27, 2025 Cease and Desist Letters or comply with WBAC's demands.

62.     Despite such constructive and actual notice, Novum has willfully ignored

WBAC's rights in the WBAC Marks by continuing to use the Infringing Mark in connection

with the promotion and sale of Novum's services.

63.     Novum's continued use of the Infringing Mark after its constructive and actual

notice of WBAC's rights in the WBAC Marks evidences Novum's bad faith use of the WBAC

Marks.

64.     Novum's continued use of the Infringing Mark is willful and deliberate and

reflects Novum's intent to confuse consumers and profit from the goodwill and consumer

recognition associated with the WBAC Marks.

65.     Novum's use of the Infringing Mark is causing, and unless restrained, will

continue to cause, damage and immediate irreparable harm to WBAC and to its valuable

reputation and goodwill with the consuming public for which WBAC has no adequate remedy at

law.

66.     WBAC is also likely to be damaged by Novum's false and misleading

representations of fact.

67.     Novum has actual notice of WBAC's objections to Novum's false and misleading

representations of facts because WBAC informed Novum of its rights in multiple written

communications, through counsel, prior to the filing of the instant Complaint. *See* Exhibits H–N.

68.     Despite such actual notice of its false and misleading representations of fact,

Novum has yet to respond substantively to WBAC's August 11, 2025 Cease and Desist Letter or

August 27, 2025 Follow-Up Cease and Desist Letter or comply with WBAC's demands to

remove the Disparaging Articles. Novum has willfully ignored WBAC's objections to Novum's false and misleading representations of fact. *See* <u>Exhibit G</u>.

69.     Novum's continued representation that it is "America's Best Rated Car Company" and publication of the Disparaging Articles after its actual notice of WBAC's objections to such false and misleading representations of facts evidences Novum's bad faith.

70.     Novum's continued representation that it is "America's Best Rated Car Company" is willful and deliberate and reflects Novum's intent to mislead consumers and to continue to wrongfully compete with WBAC.

71.     Novum's false and misleading representation that it is "America's Best Rated car Company" and the Disparaging Articles are causing, and unless restrained, will continue to cause, damage and immediate irreparable harm to WBAC and to its valuable reputation and goodwill with the consuming public for which WBAC has no adequate remedy at law.

<u>**COUNT ONE**</u>
**FEDERAL TRADEMARK INFRINGEMENT**

72.     WBAC repeats and realleges the allegations in paragraphs 1-71 as though fully set forth herein.

73.     U.S. Registration Nos. 6,011,053, 6,011,054, and 4,220,112 are valid, enforceable, and in full force and effect.

74.     Novum is using in commerce the mark "We Buy Any Car," which is likely to cause confusion or mistake, or to deceive as to source, affiliation, or sponsorship, in violation of the Lanham Act, 15 U.S.C. § 1114.

75.     WBAC has been, and will continue to be, damaged by Novum's infringement in an amount to be determined at trial.

76.     On information and belief, Novum's conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

77.     By reason of the foregoing acts, Novum has caused, and unless permanently enjoined will continue to cause, irreparable harm to WBAC.  WBAC has no adequate remedy at law.

<u>COUNT TWO</u>
**FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING**

78.     WBAC repeats and realleges the allegations in paragraph 1-77 as though fully set forth herein.

79.     Novum has undertaken a campaign to mislead consumers on several fronts.

80.     First, Novum is misleading consumers as to the source and sponsorship of its services and to trade off the goodwill and reputation built by WBAC and WBAC's Marks. Novum is using the Infringing Mark on its website to promote blog posts to falsely mislead the market as to an affiliation between WBAC and/or WBAC's Marks and Novum's services.

81.     Novum's use of the Infringing Mark and the acts described above are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association or as to the origin, sponsorship, or approval of Novum's goods, services, or commercial activities in violation of 15 U.S.C. § 1125(a)(1)(A).

82.     Second, Novum is presenting false and misleading representations of fact in its commercial advertising and promotions on its website about the quality of both WBAC's services and Novum's services.

83.     Novum's acts described above are likely to mislead consumers as to the quality of both WBAC's services and Novum's services in violation of 15 U.S.C. § 1125(a)(1)(B).

84.     WBAC has been and will continue to be damaged by Novum's unfair competition and false advertising, in an amount to be determined at trial.

85.     On information and belief, Novum's conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

86.     By reason of the foregoing acts, Novum has caused, and unless permanently enjoined will continue to cause, irreparable harm to WBAC.  WBAC has no adequate remedy at law.

## COUNT THREE
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

87.     WBAC repeats and realleges the allegations in paragraphs 1-86 as though fully set forth herein.

88.     Through its use in commerce, including use in the Commonwealth of Pennsylvania, WBAC owns the marks WEBUYANYCAR.COM® and WE BUY ANY CAR® for use in connection with *inter alia* consumer-direct purchases of pre-owned vehicles.  The marks WEBUYANYCAR.COM® and WE BUY ANY CAR® are distinctive and protectable.

89.     Novum is using in commerce the identical mark "We Buy Any Car," which is likely to cause confusion or mistake, or to deceive as to source, affiliation, or sponsorship, with the marks WEBUYANYCAR.COM® and WE BUY ANY CAR® in violation of the common law of trademark infringement and unfair competition of various states, including in the Commonwealth of Pennsylvania.

90.     Novum is also asserting that it is "America's Best Rated Car Buying Company" and has published the Disparaging Articles, which are disparaging WBAC's business by false and misleading representations of fact in violation of the common law of unfair competition of various states, including in the Commonwealth of Pennsylvania.

91.     WBAC has been, and will continue to be, damaged by Novum's infringement and unfair competition in an amount to be determined at trial.

92.     By reason of the foregoing acts, Novum has caused, and unless enjoined will continue to cause, irreparable harm to WBAC.  WBAC has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, WBAC respectfully asks this Court to enter judgment in its favor and against Novum, together with all other relief as is just and appropriate, and more specifically that the Court enter a judgment:

A.      Declaring that Novum has (i) violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and (ii) engaged in unfair competition under the common law of the Commonwealth of Pennsylvania;

B.      Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Novum, its officers, directors, agents, employees, and attorneys, and all those persons or entities in active concert or participation with Novum from:

1.      advertising, marketing, promoting, offering for sale, transacting business, or contracting to purchase automobiles directly from consumers in connection with the Infringing Mark or any other mark substantially similar or confusing thereto, including, without limitation, WEBUYANYCAR.COM® or WE BUY ANY CAR®;

2.      advertising, marketing, or promoting that it is "America's Best Rated Car Buying Company";

3.    engaging in any other activity constituting unfair competition with WBAC, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of the designations associated with WBAC;

C.    Ordering Novum to remove all uses of WEBUYANYCAR.COM® or WE BUY ANY CAR® from any social media, website, and all other advertising, promotional and marketing materials used in connection with Novum's business;

D.    Ordering Novum to remove all statements that it is "America's Best Rated Car Buying Company" from any social media, website, and all other advertising, promotional and marketing materials used in connection with Novum's business;

E.    Ordering Novum to file with this Court and serve on WBAC within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Novum has complied with the injunction;

F.    Ordering and/or directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any services at issue in this action that have been advertised, marketed, promoted, offered for sale or are part of a business transaction or contract by or with WBAC, has been authorized by WBAC, or is related in any way with WBAC and/or its services;

G.    Ordering and/or directing such other relief as the Court may deem appropriate to prevent the dissemination of false and misleading descriptions of fact regarding the quality of WBAC's and Novum's respective services;

H.    Awarding WBAC actual, enhanced, exemplary, and/or punitive damages to which it is entitled under applicable federal and state laws;

I.    Awarding WBAC its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117); and

J.    Awarding WBAC pre-judgment interest.

WBAC demands a Jury on all Counts so triable.

\* \* \*

Respectfully,

Date:   October 7, 2025

By: /*Sean P. McConnell*
Sean P. McConnell, Esq.
Paul J. Kennedy, Esq.
Adam R. Martin, Esq.
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
Tel:  (610) 640-5423
Fax: (800) 886-2280
sean.mcconnell@troutman.com
paul.kennedy@troutman.com
adam.martin@troutman.com


Brooke R. Watson, Esq.
(pro hac vice forthcoming)
TROUTMAN PEPPER LOCKE LLP
301 S. College Street
34th Floor
Charlotte, NC 28202
Tel:  (704) 998-4050
brooke.watson@troutman.com